IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| LLOYD ANDERSON, | : |
| Plaintiff, | : |
| v. | : Case No. 1:11-cv-00061 |
| A.W. CHESTERTON COMPANY, *et al.*, | : |
| Defendants. | : |

## NOTICE OF FILING

PLEASE TAKE NOTICE that on March 18, 2011, I caused to be filed electronically with the Clerk for the United States District Court for the Eastern District of Wisconsin, Owens-Illinois, Inc.'s Entry of Appearance, Short Form Answer, Affirmative and Other Defenses to Plaintiff's Complaint.

DATED: March 18, 2011

/s/ David T. Morris
David T. Morris
Attorney for Defendant
OWENS-ILLINOIS, INC.

Schiff Hardin LLP
233 South Wacker Drive
Chicago, Illinois 60606
(312) 258-5500
(312) 258-5600 (*facsimile*)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| LLOYD ANDERSON, | : |
| Plaintiff, | : |
| v. | : Case No. 1:11-cv-00061 |
| A.W. CHESTERTON COMPANY, *et al.*, | : |
| Defendants. | : |

### OWENS-ILLINOIS, INC.'S ENTRY OF APPEARANCE, SHORT FORM ANSWER, AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S COMPLAINT

In accordance with the order, as amended, entered by the Honorable Charles R. Weiner on August 20, 1986, <u>In Re: Asbestos Litigation</u>, Misc. Docket No. 86-0457 (E.D. Pa.), this document serves as both an Entry of Appearance and Answer to Plaintiff's Complaint, and all allegations contained in or incorporated in Plaintiff's Complaint are deemed denied. This also serves to incorporate by reference the Asbestos Defendants' Master Affirmative Defenses including any amendments and supplements thereto.

Additionally, the following Affirmative Defenses are asserted on behalf of OWENS-ILLINOIS, INC.

1. Further answering the Complaint of the Plaintiff and as a first affirmative defense, allege that each and every claim asserted therein fails to state a claim upon which relief can be granted.

2. Further answering the Complaint of the Plaintiff and as a second affirmative defense, allege that the Plaintiff was contributorily negligent at all times and places alleged.

3. Further answering the Complaint of the Plaintiff and as a third affirmative defense, allege that the Plaintiff has failed to join necessary parties pursuant to § 803.03, Stats.

4. Further answering the Complaint of the Plaintiff and as a fourth affirmative defense, allege that the Plaintiff has failed to mitigate his damages.

5. Further answering the Complaint of the Plaintiff and as a fifth affirmative defense, allege that the Plaintiff's claims as set forth in his Complaint are barred by the applicable Statute of Limitations and/or Doctrine of Laches.

6. Further answering the Complaint of the Plaintiff and as a sixth affirmative defense, allege that any injuries or damages alleged to have been sustained by the Plaintiff were caused by the negligence of Plaintiff or the negligence and/or products of others, including, but not limited to his employers, independent contractors, unions, government agencies, Co-Defendants, their officers, agents, representatives and/or employees and others, whether such negligence is superseding, intervening or otherwise.

7. Further answering the Complaint of the Plaintiff and as a seventh affirmative defense, allege upon information and belief that if the Plaintiff was ever exposed to, used or came into contact with any asbestos-containing products, manufactured, sold or distributed OWENS-ILLINOIS, INC., such exposure, use or contact was <u>de minimis</u> and of such character and extent as to be totally and legally insignificant and non-causal.

8. Further answering the Complaint of the Plaintiff and as an eighth affirmative defense, allege that the claims of the Plaintiff should be barred upon the grounds of public policy because the alleged injuries and damages are too remote and wholly out of proportion to any alleged negligence on the part of OWENS-ILLINOIS, INC.

9.      Further answering the Complaint of the Plaintiff and as a ninth affirmative defense, allege that with respect to the manufacture, sale or distribution of asbestos-containing products by OWENS-ILLINOIS, INC., at the time or times which activities occurred, were, upon information and belief, made in full compliance and conformity with then applicable industry and governmental standards in work, upon information and belief, reasonably safe, given the state of the art, specifically with regard to available medical information and further, that upon information and belief, the instructions and warnings provided in conjunction with the product manufactured, sold or distributed by OWENS-ILLINOIS, INC., were then and from time to time in strict compliance with the standards, rules and regulations of the state of the art pertaining to asbestos-containing products.

10.     Further answering the Complaint of the Plaintiff and as a tenth affirmative defense, allege that the Plaintiff's injuries, if found, may have been caused in whole or in part, by others' abuse, misuse and modification of alleged asbestos-containing products.

11.     Further answering the Complaint of the Plaintiff and as an eleventh affirmative defense, allege that the Plaintiff's claim for punitive damages is not permitted under Wisconsin law, is unconstitutional and/or may be subject to statutory limits. *See* Wangen v. Ford Motor Co., 97 Wis. 2d 260, 314-15, 294 N.W.2d 437 (1980).

12.     Further answering the Complaint of the Plaintiff and as a twelfth affirmative defense, allege upon information and belief, that workers' compensation payments have been or will be made to Plaintiff; that pursuant to § 102.29, Stats., the employer's worker's compensation carrier is entitled to recover its statutory share of any settlement or judgment Plaintiff obtains in this action, if any; if it is found that this Defendant is liable to Plaintiff and that the employer(s) was causally negligent with respect to the worker's claimed injuries and damages, then the carrier or employer may recover from the Defendants sums to compensate for the negligence of the employer, which recovery is contrary to public policy and violates this Defendant's rights to due process and equal protection under the Constitution of the United States and the Constitution

of the State of Wisconsin; and if this Defendant is found liable to Plaintiff's decedent's employers found to be causally negligent, then this Defendant is entitled to a credit against the Plaintiff's judgment determined by subtracting from the total judgment the percentage equal to the percentage of negligence assessed against the employer.

13. Further answering the Complaint of the Plaintiff and as a thirteenth affirmative defense, allege that the Plaintiff's Complaint fails for lack of personal jurisdiction over the Defendant, insufficiency of process and/or insufficiency of service of process.

14. Further answering the Complaint of the Plaintiff and as a fourteenth affirmative defense, allege that the Plaintiff has improperly joined separate claims.

15. Further answering the Complaint of the Plaintiff and as a fifteenth affirmative defense, allege that OWENS-ILLINOIS, INC. did not mine, manufacture, distribute, produce, market or disseminate, or in any other way deal in those products with which Plaintiff came into contact.

16. Further answering the Complaint of the Plaintiff, OWENS-ILLINOIS, INC. reserves the right to add additional affirmative defenses as may be discovered during the discovery and this action.

TO THE CLERK:

    Kindly enter our appearance on behalf of OWENS-ILLINOIS, INC.

DATED: March 18, 2011

                                          /s/ David T. Morris
                                          David T. Morris
                                          Attorney for Defendant
                                          OWENS-ILLINOIS, INC.

Schiff Hardin LLP
233 South Wacker Drive
Chicago, Illinois 60606
(312) 258-5500
(312) 258-5600 (*facsimile*)

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on March 18, 2011 he electronically filed the foregoing Entry of Appearance, Short Form Answer, Affirmative and Other Defenses to Plaintiff's Complaint to with the Clerk of the Court by using the CM/ECF system which will send notification of such filing to the following:

>Michael P. Cascino
>Cascino Vaughan Law Offices, Ltd.
>220 South Ashland Avenue
>Chicago, IL 60607

DATED: March 18, 2011

>/s/ David T. Morris
>David T. Morris
>Attorney for Defendant
>OWENS-ILLINOIS, INC.

Schiff Hardin LLP
233 South Wacker Drive
Chicago, Illinois 60606
(312) 258-5500
(312) 258-5600 (*facsimile*)

CH2\9694479.2