UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BEVERLY ANDERSON,

    Plaintiff,

v.                                                        Case No. 11-C-61

PROCTER & GAMBLE PAPER PRODUCTS CO.,

    Defendant.

## ORDER GRANTING DEFENDANT'S FIRST MOTION *IN LIMINE*

The court held a pretrial conference on October 1, 2013, at which I indicated I would issue a decision addressing the Defendant's first motion *in limine*. That motion essentially asks for reconsideration of the court's February summary judgment ruling, in which I determined that Wisconsin's statute of repose for actions for injury resulting from improvements to real property did not wholly or even partially bar the Plaintiff's action.

The statute of repose, Wis. Stat. § 893.89, limits to ten years after substantial completion the time period in which an individual may bring a claim resulting from any deficiency or defect in the design or construction of a building or improvement to real property. The statute does not bar lawsuits by persons injured as a result of any defect in material used in the improvement against the manufacturer of the material, however. § 893.89(2).

"Statutes of repose by their nature prevent the filing of claims that did not 'accrue' before the bar." *Covalt v. Carey Canada Inc.,* 860 F.2d 1434, 1440 (7th Cir. 1989). Plaintiff Lloyd Anderson (now deceased) stopped working at the relevant P&G facility in 1992, and thus the

Defendant argues that he had, at the latest, until 2002 to bring his claim against P&G. In fact, Plaintiff did not file her lawsuit until 2011.

A statute of repose "'limits the time period within which an action may be brought based on date of the act or omission.' A statute of repose may therefore bar an action before the injury is discovered or before the injury even occurs." *Kohn v. Darlington Community Schools,* 2005 WI 99 ¶ 38, 283 Wis.2d 1, 26, 698 N.W.2d 794, 806 (Wis. 2005) (quoting *Aicher ex rel. LaBarge v. Wisconsin Patients Compensation Fund,* 2000 WI 98 ¶ 43, 237 Wis.2d 99, 613 N.W.2d 849 (Wis. 2000)). If the statute applies here, it would not matter when Plaintiff's claim accrued or when he actually discovered his lung cancer; all that matters is when the improvement, the design, or construction of which gave rise to claim was completed.

In my earlier decision denying the Defendant's motion for summary judgment, I concluded that one of the statute's exceptions applies. The statute provides that it does not apply to "damages that were sustained prior to April 29, 1994," which was the effective date of the statute. Wis. Stat. § 893.89(4)(d).[1] I concluded that the Plaintiff had sustained damages prior to that date when he was exposed to asbestos during his work at the Charmin mill.

The Defendant now argues that the exception does not apply. The statute uses the term "damages," and damages implies monetary damages. Here, for example, Plaintiff seeks damages for the decedent's medical and hospital expenses, funeral and burial expenses, pain and suffering, and emotional distress, and for her own loss of society and companionship. (Pl.'s Proposed. Verdict at 2-3, ECF No. 99-8.) None of these damages were incurred until after Mr. Anderson was

---

[1]This court used the date April 29, 2004, at one point in its earlier decision. (ECF No. 88 at 13.) This was clearly a typographical error.

2

diagnosed with lung cancer in 2009. (Compl. ¶ 9.) Until then he had no medical or hospital expenses, no pain and suffering, and no emotional distress due to anything attributable to Defendants. And there were no damages for funeral and burial expenses or loss of society and companionship until even later. In other words, Plaintiff "sustained" no damages prior to 1994. Because the Plaintiff did not suffer such "damages" until 2009, the exception for damages sustained before 1994 should not apply.

The only appellate case to apply the exception, *Salbashian v. Matzke,* supports the Defendant's position. There, the plaintiff signed a contract to purchase a home on April 20, 1994. 1999 WL 247145, 226 Wis.2d 562, 596 N.W.2d 502 (Wis. Ct. App. 1999) (unpublished). He sued the builder of the home in 1997 alleging an ineffective vapor barrier. The builder sought to apply the statute of repose, which meant that any claims based on the home's construction would have expired in 1991, 10 years after the home was built. The question was whether the plaintiff had "sustained" any "damages" prior to April 29, 1994, the date set forth in the § 893.89(4)(d) exception. The court concluded that the plaintiff suffered damages on the date he agreed to purchase the home (only nine days before the exception kicked in) because at that point he was legally committed to purchasing a home that was defective, even though he did not apparently discover the defect until years later. "Defective property is worth less than property that is not defective. It follows that on April 20, 1994, Salbashian became obligated to purchase property that was worth less than the price that he had agreed to pay for it because of the alleged negligence of the builders." *Id.* The decision turned on the fact that as of the date of purchase, the plaintiff could have initiated a lawsuit against the builder: "Accordingly, Salbashian suffered damages and could have filed a claim for damages against the builders on or after April 20, 1994." *Id.*

3

The case thus stands for two principles. First, the plaintiff's home was actually damaged (in a legal sense, not just in a physical sense) as of the date he agreed to purchase it, which was nine days before April 29, 1994, the date the exception took effect. Second, as of that date the plaintiff could have brought a claim for damages against the builder. In other words, the court assumed that in order to "sustain damages" one must have an accrued claim. Because the plaintiff had such a claim before April 29, 1994, the exception applied and the builder was unable to take advantage of the repose statute. The opposite result would hold in this case. Here, the Plaintiff did not "sustain damages" prior to April 29, 1994 because he did not have lung cancer before 1994 and had no claim until 15 years later.

Plaintiff has filed a brief highlighting the unpublished orders of a number of state trial judges who have held to the contrary.[2] (ECF No. 77 at 2-8.) I respectfully disagree with these decisions. First, many of the decisions make the mistake of equating damage (singular) with damage*s* (plural). For example, one judge relied on the fact that a physician testified that "exposure equals damage." (ECF No. 66-6 at 21-22.) The judge noted that there are "multiple levels of damage which have taken place to their body physically . . ." (*Id.*) No one disputes that a body may be damaged by exposure to asbestos, but that kind of *physical* damage is not what is envisioned by the term "damages." Damages is not simply the plural of damage, it is a legal term connoting compensation for injury, not the injury itself. BLACK'S LAW DICTIONARY makes the distinction clear within the definition of "damage" itself. Damage means "loss, injury, or deterioration." BLACK'S LAW

---

[2] Defendants note that the Wisconsin Rules of Appellate Procedure prohibit parties from citing unpublished decisions in courts of the state subject to exceptions not applicable here. See Rule 809.23(3). Although the decisions have no precedential value, the court will consider the reasoning they provide as Plaintiff's argument.

4

DICTIONARY 389 (6th Ed. 1990.) "*The word is to be distinguished from its plural, 'damages' which means a compensation in money for a loss or damage.*" *Id.* The Restatement of the Law of Torts, which the Wisconsin Supreme Court usually follows, also defines the term "damages" in this way. *See* RESTATEMENT (SECOND) OF TORTS § 12A ("The word 'damages' is used throughout the Restatement of this Subject to denote a sum of money awarded to a person injured by the tort of another."). None of the trial court decisions make this important distinction.

The opinion of Judge Sankovitz is the most persuasive. Among other things, the judge noted that the defense position essentially equated sustaining damages with the accrual of an action, and the legislature could have used the term "accrue" if it had meant such a meaning. (ECF No. 66-4 at 16-17.) By the same token, however, the legislature could have used the word "damage" or "injury" instead of "damages." I agree that the terminology leaves something to be desired—saying that someone sustains damages is a somewhat awkward way of saying that someone has a legal claim.

Even so, my construction of the terminology is consistent with how it is used elsewhere within the very same statute. Section (3)(a) states that "**if a person sustains damages as the result of a deficiency . . . , and the statute of limitations applicable to the damages bars commencement of the cause of action before the end of the exposure period, the statute of limitations applicable to the damages applies**." Wis. Stat. § 893.89(3)(a). This same terminology is echoed in § (3)(b): "**If . . . a person sustains damages during the period beginning on the first day of the 8th year and ending on the last day of the 10th year after the substantial completion of the improvement to real property, the time for commencing the action for the damages is extended for 3 years after the date on which the damages occurred**." Wis. Stat. § 893.89(3)(b).

5

Here the statute (immediately above the § (4)(d) exception at issue here) uses the same terms—"sustains" and "damages"—with reference to statutes of limitations. When § (3)(a) discusses whether a statute of limitations is applicable to "the damages," it is referring to the "damages" that a person "sustain[ed]." Clearly, both sections (3)(a) and (3)(b) use the term "damages" as though damages is something that will trigger a statute of limitations. Statutes of limitations are only "applicable" to "damages" when those damages are part and parcel of an actual claim. Under Wis. Stat. § 893.04, "a period of limitation within which an action may be commenced is computed from the time that the cause of action *accrues* until the action is commenced." *See also Sopha v. Owens-Corning Fiberglas Corp.,* 230 Wis.2d 212, 222-223, 601 N.W.2d 627, 632 (Wis. 1999) (statute of limitations is triggered by accrual of claim, not by damage or mere exposure to asbestos). If the cause of action did not accrue, no statute of limitations would be applicable. (No doubt the asbestos industry would prefer it otherwise, because then the statute of limitations would begin running as soon as someone inhaled his first particle of asbestos.) In sum, § (3)(a) only makes sense if the phrase "sustains damages" means a plaintiff suffers an injury or event for which there is an accrued claim, i.e., something that would render a statute of limitations "applicable." "Damages," in other words, does not mean damage.

Trying to fit the Plaintiff's interpretation of these terms into § (3) makes the point clear. To recall, the Plaintiff believes sustaining damages simply means having one's lungs harmed by exposure to asbestos. Under the Plaintiff's reading, § (3)(a) would be read as follows: "the statute of limitations applicable to the inhalation of asbestos bars commencement of the cause of action before the end of the exposure period . . ." It might also read: "the statute of limitations applicable to the damage caused by asbestos . . ." But of course it makes no sense to say that a statute of

6

limitations is "applicable" to the inhalation of asbestos, or even to physical damage caused by asbestos, because neither of those events would trigger a statute of limitations—neither event is an accrued claim. Similarly, under § (3)(b), it would make no sense to say that "the time for commencing the action for the inhalation of asbestos is extended for 3 years . . ." In sum, it is clear that § (3) uses the term "sustains damages" to mean an event that triggers a statute of limitation. Plaintiff and the trial court opinions discussed above have given no compelling reason to adopt a completely contrary reading of the very same terms in the very next section of the same statute.

Thus, although I agree with the Plaintiff and some of the state trial judges that the language used is not perfectly clear, the terms in question can be construed by reference to their use elsewhere in the very same statute. And even Judge Sankovitz's decision recognized that "the obvious purpose of the exception is to avoid an ex post facto extinguishing of *claims* that were valid before that date." (ECF No. 66-4 at 15.) Here, no *claims* from before that date are being invalidated—the claim did not arise until 2009. Thus, the statute of repose passed in 1994 did not wipe away any claim that the Plaintiff already had because that claim did not accrue until 15 years later. As the Wisconsin Supreme Court noted in *Sopha,* a plaintiff would not have an accrued claim for mesothelioma based solely on unrelated asbestos-caused lung pathology; it was only when the plaintiff actually developed mesothelioma that such a claim would accrue. *Id*. at 227-30, 634-36. Here, there is no suggestion that the Plaintiff had any actionable claim for lung cancer before April 29, 1994, and thus I cannot conclude that he had any "damages that were sustained prior to April 29, 1994," Wis. Stat. § 893.89(4)(d). Accordingly, the exception to the statute of repose does not apply.

7

In sum, in my view the decisions of the state trial judges Plaintiff cites are unpersuasive for three central reasons. First, the judges tend to conflate "damages"—a legal term—with "damage," a word connoting simple injury. It strains the language to say that someone "sustains damages" when he becomes exposed to asbestos, because at that point no damages are even available. Legislatures may be presumed to understand such an important distinction, particularly in a statute governing legal claims. Second, none of the judges considered the fact that the words in dispute are used elsewhere in the statute, and that their use in § (3)(a) clearly links the sustaining of damages with statutes of limitations. Finally, the unpublished decision of the court of appeals suggests that a key consideration is whether the plaintiff had an actual claim reducible to damages during the pre-April 29, 1994 period. "Accordingly, Salbashian suffered damages and could have filed a claim for damages against the builders on or after April 20, 1994." 1999 WL 247145, 226 Wis.2d 562, 596 N.W.2d 502.

Although I conclude the statute of repose applies, it is far from clear the extent to which the Plaintiff's relationship with Defendant involved the sorts of work covered by the repose statute. Plaintiff has asserted that he was also exposed to asbestos when he was performing maintenance at the Charmin mill and thus the alleged cause of Mr. Anderson's disease is not limited to deficiencies in the construction of improvements to its premises. Plaintiff contends that he was also exposed to asbestos due to the conditions under which he was required to perform maintenance or other work wholly apart from the construction of improvements. Whether exposure to asbestos that occurred apart from construction of improvements to real property was a cause of decedents disease remains a matter of fact to be determined at trial.

8

For these reasons, the Defendant's first motion *in limine* is **GRANTED**. Evidence relating to exposures during the time Plaintiff worked on improvements and new construction will be barred at trial absent further order of the court.

**SO ORDERED** this 4th day of October, 2013.

                                              s/ William C. Griesbach
                                              William C. Griesbach, Chief Judge
                                              United States District Court