UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF WISCONSIN

BEVERLY ANDERSON,

          Plaintiff,

  v.                                                            Case No. 11-C-61

PROCTER & GAMBLE PAPER PRODUCTS CO.,

          Defendant.

## ORDER DENYING ADDITIONAL DISCOVERY

This case is set for trial beginning October 21. On October 2, Plaintiff served a subpoena on Richard Fulwiler, Ph.D., an Ohio resident and former employee of the Defendant. The Defendant swiftly moved to quash the subpoena on the grounds that no subpoena issued by the Eastern District of Wisconsin could compel Fulwiler's attendance because he lives more than 100 miles from this district. Fed. R. Civ. P. 45(b)(2)(B).

Recognizing the error, the Plaintiff issued an amended subpoena, which was issued by the Eastern District of Kentucky. The Defendant again moved to quash. The first question is whether this court has the authority to quash the subpoena of a subpoena issued by another court. It does not. Rule 45(c)(3)(A) indicates that it is the "issuing court" that may quash a subpoena. *S.E.C. v. CMKM Diamonds, Inc.*, 656 F.3d 829, 832 (9th Cir. 2011). Thus, to the extent the subpoena is to be "quashed," such an order must come from that court.

This does not mean the Defendant's motion is without merit, however. Quashing a subpoena is an action confined to the situations discussed in Rule 45(c)(3)(A), including situations

in which a party may be subject to an undue burden or where a non-party must travel more than 100 miles. This is not one of those situations. Although the Defendant has styled its motion as a motion to quash, the grounds it cites do not fall within those enumerated within Rule 45(c)(3)(A). Instead, it seeks to bar the deposition because the deposition is outside of the scheduling order issued in this case. (*See* ECF No. 84 ("Discovery is completed and closed.")) Accordingly, because the motion implicates this court's ability to schedule and manage discovery rather than one of the Rule 45(c)(3)(A) factors, I conclude that I have the authority to issue the relief the Defendant seeks and construe the motion accordingly. That is, I will construe the motion to quash as a motion to enforce the scheduling order. In addition, the Plaintiff has filed its own motion to produce Dr. Fulwiler, which is essentially the flip side of the same coin. I thus address these motions together.

The Defendant argues that discovery closed *years* ago and that the subpoena is therefore untimely. The Plaintiff concedes that discovery is closed but argues that the deposition it wants to take is not a "discovery" deposition at all. Dr. Fulwiler appears on the witness list for both sides. Plaintiff assumed that the Defendant would be producing Dr. Fulwiler at trial, but at a pretrial hearing defense counsel indicated that Dr. Fulwiler's presence at trial was up in the air. Plaintiff views Fulwiler's testimony as important, and thus it issued the subpoenas discussed above in order to obtain his deposition testimony to present at trial. Plaintiff views the deposition as a "trial deposition" rather than a discovery deposition. That is, she is seeking not to obtain "discovery" in any traditional sense but testimony to be preserved and presented to the jury at trial. As such, her subpoena is not governed by the scheduling order.

The Federal Rules of Civil Procedure do not distinguish between depositions taken in discovery and depositions taken for trial. Rule 30, which governs depositions by oral examination,

appears in Title V of the Rules entitled "Disclosures and Discovery," suggesting that depositions fall within discovery and are subject to discovery limitations. Some courts, however, have accepted such a distinction. In *Charles v. Wade,* the Fifth Circuit found that although discovery had closed, "the requested deposition would not have been taken for purposes of discovery but as the testimony of a witness unavailable for trial." 665 F.2d 661, 664 (5th Cir. 1980). Other courts have rejected Plaintiff's argument. In *BondPro Corp. v. Siemens Westinghouse Pwr. Corp,* Judge Crabb found that there was nothing preventing the defendant from deposing the witness during the discovery period, and if there had been any question it could have sought the court's guidance prior to the discovery cutoff period. 2005 WL 256488 (W.D. Wis. January 31, 2005). Thus, the judge concluded: "I agree with those courts that have held that, absent exceptional circumstances, a party who wishes to introduce deposition testimony at trial should procure that testimony during the time set by the court to conduct discovery." *Id.*

I agree with Judge Crabb that the better practice is to consider *any* deposition to be "discovery." Any other rule would result in the needless creation of a large gray area where some witnesses might be subject to "discovery depositions" and others to "trial depositions," a distinction based largely on the subjective impressions of the attorneys involved. For example, here the Plaintiff implies that she knows what Dr. Fulwiler will say because he has testified for P&G at least three other times. As such, she is not trying to "discover" new information but merely to preserve testimony to present at trial in the event the witness is absent. But essentially she is asking the court and the Defendant to take her word for this. Absent from the discussion are any principles that would govern the proposed distinction between trial depositions and discovery depositions. If such a distinction exists, it cannot be based solely on an attorney's say-so.

3

Concluding that the scheduling order governs the taking of all depositions has practical benefits as well. One court that accepts a distinction between trial and discovery depositions has concluded that "[w]hen a party opposes a trial deposition scheduled for after the close of discovery, the court must assess whether the deposition is being taken for the purpose of preserving testimony or whether it is a pretext for the party's failure to procure the deposition during the discovery period." *Bamcor LLC v. Jupiter Aluminum Corp.,* 2010 WL 4955545 (N.D. Ind. Nov. 29, 2010). But such an analysis is burdensome and fraught with difficult questions involving attorney motivations and thorny issues like pretext. When the scheduling order governing an action already provides concrete deadlines for discovery, including depositions, there would seem to be little upside to engaging in an analysis merely to allow "trial depositions" that could have occurred within the confines of the discovery schedule. Notably, even the court in *Bamcor* concluded that a trial deposition would not be allowed because the scheduling order did not contemplate such depositions and the party seeking the deposition had not shown good cause.

Another court, in rejecting a distinction between trial and discovery depositions, noted that the Fifth Circuit case cited above was issued before the Federal Rules were amended to require issuance of scheduling orders. *Integra Lifesciences I, Ltd., v. Merck KgaA,* 190 F.R.D. 556, 559 (S.D. Cal.1999). Rule 16 requires courts to issue such orders governing the time to join other parties, amend the pleadings, complete discovery and file motions. Fed. R. Civ. P. 16(b)(3)(A). Implicit in such a rule is the notion that the scheduling order provides a *comprehensive* framework setting deadlines for the conduct of the case leading up to trial. It would be far more consistent to proceed on the assumption that the scheduling order's deadline governing discovery also includes any so-called trial depositions, thus preventing the sorts of last-minute proceedings that eventuated

4

here.

Finally, I conclude that even if such a distinction existed, the Plaintiff has not demonstrated any valid reason to take a witness' deposition in the week prior to trial. The Plaintiff views Dr. Fulwiler's testimony as crucial to her case and states she will be "prejudiced" if his testimony cannot be presented to the jury. But if the testimony were truly that important to the Plaintiff, it is unclear why she would have assumed that her *opponent* would have produced the witness at trial, given that parties do not generally produce witnesses that will provide significant aid to their opponents. Instead, if the witness were truly that important, the prudent course would be to secure his testimony earlier and within the confines of appropriate discovery. Here, the need for a deposition is based simply on the Plaintiff's misapprehension that the Defendant would be calling the witness in question at trial. The Defendant was not under an obligation either to produce the witness or to state its intentions to the Plaintiff. It would be unfair under such circumstances to require the Defendant to spend time and energy the week prior to trial to accommodate a proceeding that could have occurred at any time in the last several years.

This is not to say Plaintiff has no alternative. The issue first arose at the pretrial conference when Defendant objected to Plaintiff's designation for use at trial of portions of an earlier deposition Dr. Fulwiler had given in a different case. Defendant objected on the ground that the designations were unclear and exceeded the five-page limit that applies under the local rules of the district absent a showing of good cause. *See* Civil L. R. 16(c)(1)(F). Plaintiff offered no argument that good cause existed but instead indicated he would take a trial deposition. As a result of the court's ruling here, that option is no longer available. But if Dr. Fulwiler gave testimony in a prior case and Plaintiff can show good cause for its admission here, the court will consider her request

5

to read portions of the deposition at trial, even if the designated portion exceeds five pages. It is too late in the day, however, to depose a witness absent greater justification than Plaintiff has shown.

In sum, I conclude that there is no distinction under the Rules between "trial depositions" and discovery depositions. While so-called depositions for use at trial should in appropriate cases nevertheless be allowed after the close of discovery, there is no automatic right to do so. Absent the scheduling order providing otherwise, or agreement by the parties, good cause must be shown. Plaintiff has made no such showing here. Accordingly, the motion to produce is **DENIED**. The first motion to quash is **DENIED** as moot. The second motion to quash is construed as a motion to enforce the scheduling order and is **GRANTED**.

**SO ORDERED** this 15th day of October, 2013.

    s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court